**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TONYA L. BELL,**

    **Plaintiff,**

**v.**                                                          **Case No. 8:08-cv-1545-T-30TBM**

**JP MORGAN CHASE,**

    **Defendant.**
    _____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. In pertinent part, § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). It further provides that the court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Id.* at (e)(2)(A), (B).

Upon review of the Plaintiff's Affidavit of Indigency (Doc. 2), I find that the Plaintiff has failed to substantiate that she cannot afford to pay the fees associated with her lawsuit. Here, Plaintiff's Affidavit of Indigency reveals that she receives $1,100.00 a month


in unemployment compensation, her husband earns a monthly income $2,000.00, and their monthly expenses total $1,305.00.  Plaintiff also owns a Ford Expedition with an estimated present value of $6,500.00.  While I recognize that Plaintiff likely has additional, undocumented expenses involving the care of three children, I am constrained to conclude that Plaintiff is not indigent.  *See Visconti v. Astrue*, No. 3:08-cv-430-J-33MRC, 2008 WL 2385517, *1 (M.D. Fla. 2008) (stating that *in forma pauperis* status should be bestowed only upon those that are truly indigent).  Accordingly, it is RECOMMENDED that the court DENY Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and direct her to pay the requisite filing fee to the Clerk with fifteen (15) days.

Respectfully submitted on this
12th day of August 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Counsel of record